# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 2, 2023

Lyle W. Cayce
Clerk

No. 22-30269

United States of America,

*Plaintiff—Appellee*,

*versus*

Marquel Devon Robinson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:19-CR-363-1

Before Elrod, Haynes, and Willett, *Circuit Judges*.

Per Curiam:*

Marquel Devon Robinson pleaded guilty (pursuant to a plea agreement) to possessing heroin with intent to distribute. Before entering that plea, Robinson filed a motion to suppress certain evidence that he alleged was the product of an unconstitutional search warrant. The district court denied that motion, adopting the magistrate judge's report and recommendation. On appeal, Robinson argues that the good-faith exception

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30269

to the exclusionary rule is inapplicable because the affidavit supporting the search warrant altogether lacked the factual indicia required to justify an officer's reasonable belief in the existence of probable cause for a search. He also argues that probable cause was absent. Because we reject Robinson's first argument, we need not reach his second, and we therefore AFFIRM.

\*     \*     \*

Robinson asked the district court to suppress evidence that officers discovered while executing a warrant to search a residence. The affidavit supporting the warrant relayed the following information:

- Robinson is a "well known drug dealer," and his sister has "a previous drug arrest."

- Robinson and his sister were "in" the residence, which their mother owned and which saw "a high traffic volume" involving stays of "less than five minutes per visit."

- Because of this pattern, Officer Guidry (the affiant) believed that the residence's "occupants [we]re involved in narcotic[s] distribution."

- Further, during "surveillance," officers observed a Honda Accord parked in front of the residence.

- When the Honda departed, the driver (not a party here) committed a traffic infraction that led to a stop, and during that stop officers discovered in the vehicle what they believed to be heroin and related paraphernalia.

- A search of the driver's person also revealed a "large amount of cash" and plastic bags containing what the driver described as "Crack."

No. 22-30269

Citing *United States v. Leon*, Robinson argues that the affidavit is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable." 468 U.S. 897, 899 (1984). In particular, he argues that "no evidence linked the occupant or drugs in the Honda Accord to [the residence]." As a result, he argues, the "affidavit provides no basis whatsoever to believe anyone at [the residence] was involved in criminal activity." We disagree.

An affidavit lacks indicia of probable cause, and thereby defeats the good-faith exception to the exclusionary rule, when it is "wholly conclusory" and "do[es] not detail *any* facts" but instead "allege[s] *only* conclusions." *United States v. Morton*, 46 F.4th 331, 337 (5th Cir. 2022) (en banc) (emphasis added), *petition for cert. filed*, (U.S. Jan. 9, 2023) (No. 22-6489). If the affidavit contains enough factual information to allow the judge to "ma[k]e a judgment call," then it is "reasonable" for an officer to "rely on the warrant[]." *Id.* at 338. The affidavit here was far from the "bare bones" recitations that fail constitutional muster. *See id.* It alleged specific facts regarding the residence and its occupants, and about their connection to drug trafficking. Those indicia are plenty to give an officer "reasonable grounds for believing that the warrant was properly issued." *Leon*, 468 U.S. at 923.

Robinson's contrary arguments are unpersuasive. He argues that "[s]anctioning the instant search warrant would mean that any car containing contraband parked on the street outside a house would provide sufficient probable cause to search that house." But the question under the good-faith exception is not whether probable cause exists, but instead whether the affidavit is so factually defective as to render "entirely unreasonable" an officer's reliance on the warrant. *Leon*, 468 U.S. at 923 (citation omitted). Robinson's argument also ignores the specific facts that here linked the residence to drug trafficking (for example, several vehicles making short stops, and the fact that a "well known drug dealer" was "in" the residence).

If the affidavit mentioned *only* the Honda Accord's one-time location in front of the residence, then this case would be closer to *United States v. Brown*, 567 F. App'x 272 (5th Cir. 2014). There, "the affidavit provided no information . . . [or] any evidence, either direct or inferential, linking the investigation to Brown's home." *Id.* at 282. Instead, the affidavit recited only the mere "belie[f] that additional narcotics and paraphernalia are located at Brown's residence." *Id.* at 283. Given that "bare-bones statement[]," the officers in *Brown* "could not have acted in objectively-reasonable good-faith reliance upon the search warrant." *Id.*

Here, by contrast, the affidavit contained specific factual information far beyond mere "belief" regarding the residence. *See id* (citation omitted). It provided information regarding the residence's unusual traffic pattern, and it also linked Robinson and his sister to the residence and to "drug deal[ing]" and to a "previous drug arrest." The affidavit is neither "wholly conclusory" nor devoid of "any facts," and it does not allege "only conclusions." *See Morton*, 46 F.4th at 337. Accordingly, the affidavit did not foreclose reasonable reliance on the warrant. *Leon*'s good-faith exception to the exclusionary rule thus applies, and that brings our inquiry to an end.

We do not decide whether "the state judge should have" issued the warrant, but rather "only that the officers acted in good faith when relying on the judge's decision to issue the warrant[]." *Id.* at 339. We AFFIRM.